PEOPLE, PLAINTIFF AND APPELLEE, *v.* PÉREZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Violation of the Law of Weights and Measures.

No. 999.—Decided May 31, 1916.

COMPLAINT — SPECIFICATION OF STATUTE — PREJUDICIAL ERROR — CORRECTION AT TRIAL—ACQUIESCENCE.—An erroneous specification of the statute violated is not sufficient to justify a reversal of the judgment appealed from in the absence of proof that the defendant was prejudiced thereby and when it appears that the defendant did not oppose the correction of the said error at the trial.

ID.—WEIGHTS AND MEASURES—REGULATIONS—JUDGMENT.—When in a prosecution charging the defendant with having sold a weighing apparatus consisting of a family scale of a kind prohibited by law for use in commercial transactions, which scale had not been duly sealed or otherwise officially approved prior to the sale, the court only found the defendant "guilty of violating the Act relating to weights and measures," instead of having found him "guilty of violating subdivision (6) of Article XXI of the Rules and Regulations for the enforcement of the Law of Weights and Measures of 1913, in relation to section 10 of the said law," the judgment may be corrected because it is sufficient to consider the same in connection with the complaint in order to ascertain the nature of the violation.

The facts are stated in the opinion.

*Mr. Salvador Mestre, fiscal,* for the appellee.

The appellant did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The following charge was made against appellant Heraclio Pérez in the Municipal Court of Ponce:

"I, Eduardo Urrutia, Insular Inspector of Weights and Measures, residing at No. 12 Caleta de San Juan, San Juan, and twenty-five years of age, charge Heraclio Pérez, merchant, with the *violation of section 21 of the Law of Weights and Measures,* in that on October 12, 1915, at 1 p. m. and in the ward of Macaná of Peñuelas, of the Municipal Judicial District of Ponce, which forms part of the Insular Judicial District of Ponce, P. R., he wilfully, unlawfully and maliciously had sold on one of the days of the month of August of the current year a weighing apparatus, consisting of a family scale of a kind prohibited by law, to merchant Miguel Morales, resident of the ward of Macaná of this district, for use in commercial transactions in the store belonging to him, the said apparatus not having been duly sealed or otherwise officially approved prior to the sale thereof as required by section 21 of the said act."

Having been convicted in the municipal court, Pérez appealed to the district court and being again convicted there, appealed to this court, but filed no brief in support of his appeal and did not appear at the hearing on the same.

This being the status of the case, the *fiscal* of this court moved for the reversal of the judgment appealed from on the following grounds:

"In this case the judgment only pronounces the defendant guilty of violating the Law of Weights and Measures and sentences him accordingly to pay a fine of one dollar, or, in default of payment, to be imprisoned one day for each dollar not paid. Said judgment is defective and does not show the real offense of which the defendant was convicted. *The People* v. *Campos,* 17 P. R. R. 1147. The judgment in question does not show, by inference or otherwise, the nature of the crime, nor does the specific offense of which the defendant was actually convicted appear from the judgment or from any other part of the record. *The People* v. *Campos,* 17 P. R. R. 1144.

"Even an examination of the complaint would not enable the court in this case to ascertain in a clear and conclusive manner the nature of the crime committed, for while it charges Heraclio Pérez with violating section 21 of the Law of Weights and Measures, the said section makes no reference to the facts set up in the said complaint.

"Section 10 of the said act provides that the Secretary of Porto Rico shall be charged with the duty of supervising the enforcement of the act and shall prescribe rules and regulations not inconsistent therewith, etc., paragraph 21 of the regulations published by the Secretary of Porto Rico on December 3, 1913, defines the violation with which the accused is charged and section 20 of Act No. 135 of August 18, 1913, fixes the penalty therefor. Therefore, the complaint itself has been drawn up in such a careless manner that it does not inform the defendant in a complete or certain manner of the nature of the violation with which he is charged."

After carefully examining the record we are of the opinion that the judgment appealed from should be affirmed.

While it is true that the complaint refers to section 21 of the act, it is none the less so that when the evidence was being taken the complaining witness, the inspector of weights and measures, Eduardo Urrutia, testified without any objection on the part of the defendant "that the complaint is made for violation of paragraph 21, subdivision *b*, of the Regulations," which reads as follows:

"No weight or measure or weighing or measuring device shall be offered for sale or sold which has not been inspected, tested and sealed or otherwise certified as provided in the weights and measures Act or in the rules and regulations promulgated thereunder, except in cases

where it is impossible in the judgment of the Chief Inspector to properly set up the apparatus for test before it is permanently installed, in which case a special written waiver of these conditions shall be obtained from the Chief Inspector before the apparatus is sold or offered for sale.'' Law of Weights and Measures and the Rules and Regulations adopted by virtue thereof, published by the Bureau of Weights and Measures of the office of the Secretary of Porto Rico, p. 24.

The statute authorizing the Secretary of Porto Rico to publish the said rule is found in section 10 of the ''Act to establish standard systems of weights and measures; to regulate the purchase and sale of commodities and the ascertainment of weights and measures in industrial and commercial transactions and to prevent fraud therein, and for other purposes.'' The pertinent part of said section follows:

''That the Secretary of Porto Rico shall be charged with the duty of supervising the enforcement of this Act. He shall prescribe rules and regulations not inconsistent therewith, providing for the periodical inspection, examination, testing and regulating, and sealing, marking or approving when correct of all weights and measures, scales, beams, steelyards, or other instruments, apparatus or appliances, used or adapted for use in ascertaining weight or measure in any industrial or commercial transaction, and for the performance of such other duties as may, in his judgment, be required for the enforcement of this act;   *   *   *.''

The punitive sanction for violating both the act and the rules and regulations prescribed in accordance therewith is contained in section 20 of the said act, which reads as follows:

''Any person violating any of the foregoing provisions of this act or of the rules and regulations prescribed in pursuance thereof and any person who as employer or as an officer, director, stockholder or agent of any corporation, or as a member of any firm or partnership or otherwise shall direct, order, permit, or consent to any infraction of the foregoing provisions of this act, or of the said rules and regulations, shall be deemed guilty of a misdemeanor, and upon conviction thereof, by a court of competent jurisdiction, shall be punished for the first offense, by a maximum fine of fifty dollars or by imprisonment not to exceed fifty days and for the second offense by a fine of

not less than fifty dollars nor more than two hundred and fifty dollars, or by imprisonment for a term not to exceed ninety days, and for subsequent offenses by a fine of not less than two hundred dollars nor more than five hundred dollars and by imprisonment for not more than one year."

It was not necessary to specify in the complaint what statutory provision had been violated, but inasmuch as this was done, it should have been done correctly. The mistake committed is obvious, but is not of itself sufficient to justify a reversal of the judgment, especially since the defendant raised no question regarding the point either at the trial or before this court. Moreover, as we have said, the mistake was corrected at the trial without any objection on the part of the defendant and there is nothing to induce the belief that he was prejudiced thereby.

As to the defective framing of the judgment, we will say that it is true that the court merely pronounced the defendant "guilty of violating the Act relating to weights and measures," when it should have declared him "guilty of the violation defined by Paragraph XXI, subdivision (*b*), of the Rules and Regulations for the enforcement of the Law of Weights and Measures of 1913, in relation to section 10 of the said Act and penalized by section 20 thereof"; but it is also true that it is sufficient to consider the judgment in connection with the complaint in order to ascertain the nature of the violation. The cases cited by the *fiscal* should be considered in connection with the case of *The People* v. *Alvarez,* 21 P. R. R. 80.

Moreover, we have examined the evidence introduced and consider it sufficient to support the judgment appealed from.

Therefore, the judgment appealed from, modified in the sense indicated, should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.